**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MEHARI SHIFERAW BALDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03383-MBB |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Mehari Shiferaw Balda petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 3). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at p. 14). Because Petitioner's detention does not violate procedural due process or substantive due process, the petition is DENIED.

### Background

Petitioner, a citizen of Eritrea, entered the United States illegally in 2023. (**Doc. 1-2**, p. 1). DHS arrested him, initiated removal proceedings, and released him into the country. (***Id.***). He filed an application for asylum. (**Doc. 1-4**). DHS recently re-arrested Petitioner and detained him without bond pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1-1**); (**Doc. 6**, p. 2). On July 1, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention without bond violates the Due Process Clause of the Fifth Amendment. (***Id.*** at pp. 10-13).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate his rights to procedural or substantive due process.

**I.     Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See **Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit

2

held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" **Baynee**, 115 F.4th at 932, *quoting* **Demore**, 538 U.S. at 527.

Congress authorized DHS to revoke Petitioner's release. *See* **8 U.S.C. § 1226(b)**. And Petitioner's detention without bond does not violate procedural due process because it comports with Section 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* **Baynee**, 115 F.4th at 932.

## II. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." **Reno v. Flores**, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." **Minnesota Deer Farmers Ass'n v. Strommen**, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." **Washington v. Glucksberg**, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* **id.** at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." **Zadvydas**, 533 U.S. at 690. But detention during removal proceedings is "a

3

constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." ***Id.*** at 522. And "[a] wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See* ***Glucksberg***, 521 U.S. at 721. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 931-33. Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

### Conclusion

Petitioner's continued detention does not violate his rights to procedural or substantive due process. The Petition for a Writ of Habeas Corpus is DENIED.


**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2026